The Southwest Chicago Drainage District, Appellant, *vs.* Mary McMahon *et al.* Appellees.

*Opinion filed February 24, 1928—Rehearing denied April 11, 1928.*

1. Drainage—*when value of strip taken for a ditch should be considered as part of value of whole.* Where a strip or part of a tract of land is taken by condemnation and that part is of greater value as a part of the whole tract than as a separate parcel, the measure of damages is the fair cash value of the strip taken as a part of the whole; and the fact that a strip taken for a drainage ditch had at one time been excavated and used as a feeder for a canal does not require that the damages be assessed at the value of the strip standing alone and unconnected with the balance of the property of the objectors, in the absence of any proof of the former proceedings.

2. EMINENT DOMAIN—*land should be valued at its highest and best use.* In condemnation proceedings the land taken is to be valued at its highest and best use as shown by the evidence; and this is true even though the property owner may not at the time of the trial be putting the property to such use.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

WILLIS E. THORNE, and D. T. SMILEY, for appellant.

COBURN, KEARNEY & COBURN, and McMAHON & CHENEY, (MARSHALL V. KEARNEY, and GEORGE Mc-MAHON, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county entered on a verdict of a jury awarding damages for the taking of land of appellees by condemnation for the right of way for a drainage ditch. The errors assigned and argued by appellant concern the rulings of the court as to the admission of testimony and errors alleged to have been committed by counsel for appellees in their argument to the jury. It is also contended that the verdict is excessive.

The land sought to be taken consists of several strips seventy-five feet in width as right of way for a drainage ditch. The land is farm land and vacant. It lies near the city of Chicago, in Cook county. It was contended on the trial, and is argued here, that the land sought to be taken is practically worthless. The land is wet and at places water stands on it for most of the year. Appellees show, however, that the highest and best use to which the land can be put is for subdivision purposes. The values placed on the land by witnesses for appellant range from no value to one dollar for each strip taken. The values placed on it by the witnesses for the appellees were from $1250 to $4000

per acre. Witnesses for appellant were either parties living within the drainage district, or representatives of that district in one capacity or another. Most of them admitted that they desired the ditch put through. The land over which the drainage district proposes to dig its ditch was at one time a feeder for the Illinois and Michigan canal but has since been allowed to become filled in and overgrown by swamp growth. Land which touched upon this ditch, some of which was adjacent to land owned by some of the objectors, was shown by the evidence to have been sold as high as $2700 per acre, while other land near by·sold as high as $4000 per acre. This land extended to the center of the old ditch and appears to be situated similarly to some, if not all, of the objectors' land. It is evident that the values placed by the witnesses for appellant on the land taken are unreasonable. The average damages allowed by the jury for the land was at the rate of $325 per acre.

The principal contention of appellant is that the court erred in not permitting it to ascertain the value of the land taken separate from and independent of any other land owned by the objectors, and its counsel argue that such is the proper measure of damages in a case of this character. Doubtless appellant's witnesses also entertained that view. Appellant does not cite any authority in support of that contention and we are not aware of the existence of any. The rule uniformly followed in cases of this character is, that where a strip or part of a tract of land is taken by condemnation and that part is of greater value as a part of the whole tract than as a separate parcel, the measure of damages is the fair cash value of the strip taken as a part of the whole. *Chicago, Burlington and Northern Railroad Co.* v. *Bowman,* 122 Ill. 595; *Chicago and Evanston Railroad Co.* v. *Blake,* 116 id. 163.

Counsel for appellant complain that the court limited their cross-examination of appellees' witnesses. An examination of the abstract discloses that this limitation grew

out of counsel's misconception of the measure of damages hereinbefore mentioned.   We find no error in the rulings of the court on the admission of testimony.   In condemnation proceedings the land taken is to be valued at its highest and best use as shown by the evidence; and this is true even though the property owner may not at the time of the trial be putting the property to such use.  (*City of Chicago* v. *Lederer,* 274 Ill. 584.)   There is no dispute in the testimony of witnesses for appellees that the highest and best use of the land in question was for subdivision purposes.   It is shown in the record that subdivisions have already been made in that neighborhood and that the population of the city of Chicago is extending in that direction. While it appears that the strips on which this ditch is to be dug had been previously excavated for a feeder to the Illinois and Michigan canal, nothing appears in the record to indicate what proceedings were taken at the time of the digging of such ditch concerning the property rights in the land taken.   The pleadings appear to proceed on the theory that the objectors own the fee to the land.   The fact that a ditch had been previously dug does not give appellant the right to have the damages assessed at the value of such strips standing alone and unconnected with the balance of the property of the objectors.

Counsel for appellant argue that errors were committed by counsel for appellees in argument before the jury.   We have examined the abstract and have read counsel's argument in their brief pertaining to this point, but we find no erroneous ruling of the court on objections to argument and no argument of counsel that appears to us to have been prejudicial.

The jury viewed the premises.   The verdict was not excessive, and the judgment will be affirmed.

*Judgment affirmed.*