[Civ. No. 4427. Fourth Dist. Nov. 6, 1952.]

THE PEOPLE, Plaintiff, v. HERMAN P. FRAHM et al., Defendants; BEN ARCHIBEK, JR., Defendant and Appellant; DAVID MEYER et al., Defendants and Respondents.

Coudures & Carter for Appellant.

Wing, Wing & Brown for Respondents.

BARNARD, P. J.—The state brought this action in eminent domain to condemn some 22 parcels of property required in connection with certain highway construction. Parcel 22 was

owned by Carl E. Mellor. On August 30, 1945, Mellor had leased the property to Archibek for 10 years, with an option for an additional 10 years. Archibek erected a drive-in restaurant on the property, and on January 17, 1947, subleased it to David and Rose Meyer for a term of five years at a rental of 10 per cent of the weekly gross sales, with a minimum of $50 per week. The Meyers operated the drive-in restaurant until the state took possession of the property on October 6, 1949.

The case, as to Parcel 22, was separately tried before a jury. After several days of trial it was stipulated that the total value of Parcel 22 was $35,000, and the state was permitted to withdraw from further participation in the trial. The defendants Mellor, Archibek, and Mr. and Mrs. Meyer continued a second phase of the trial to determine the value of their separate interests as related to the stipulated total value. The jury found the value of Mellor's interest to be $17,650; the value of Archibek's interest to be $11,350; and the value of the Meyer interest to be $6,000. A judgment was entered accordingly, and Archibek has appealed from the part of the judgment in favor of the Meyers.

The appellant first contends that the verdict in favor of the Meyers is not supported by sufficient evidence, is contrary to the evidence, and is contrary to the law. It is argued that the two witnesses for the respondents, David Meyer and Mr. Difani, were not qualified as experts on the valuation of a leasehold interest; that being incompetent to testify as experts their testimony should have been stricken *in toto*; that their testimony as to valuation was based largely upon the element of profit and other irrelevant and incompetent matters; that the opinion of David Meyer as to the market value of the sublease, being based largely upon the elements of profit and of his operation of the drive-in, was incompetent in that it related to the value of the leasehold to him but had no relation to its market value; and that an analysis of the entire evidence discloses that the respondents' sublease had no market value.

No objection was or is made to the jury's award of $17,650 to Mellor, the owner. That valuation was placed on the owner's interest by an expert witness, who was the first witness on this phase of the controversy and the only witness called by the appellant. This witness expressed the opinion that "the value" of Archibek's leasehold interest was $17,350, and that "the lease held by Mr. Meyer has no market value, and is not

saleable on the open market.'' He testified that he arrived at this opinion by two methods: (1) by taking the owner's interest as fixed ($17,650) and considering the remainder as the value of the lessee's interest, the sublessee's interest being worth nothing; (2) by taking what a prudent buyer would pay for the Archibek lease, if it was for sale, and figuring a net return of 10 per cent on the invested capital, which ''showed me that the property was worth, at the time of taking $17,350.'' No adequate reason was given for the opinion expressed that the Meyer lease, for the remainder of the term, was valueless.

Mr. Meyer testified that the market value of his sublease was $8,637.38; that it had a market value of 20 per cent of the gross receipts whereas he was paying 10 per cent as rental; and that at the time the property was taken by the state he could have sold his lease for $8,637.38. Mr. Difani, who was a public accountant with many years' experience in the restaurant business, and who kept the respondents' books, testified that the business being done would justify the payment of a 20 per cent gross rental.

The appellant's contention is that respondents' witnesses were not sufficiently qualified as experts on the market value of leasehold interests; that the testimony of these witnesses with respect to the costs of operation, rent paid, and other factors showing the situation existing up to the time the state took possession, was not admissible; and that no admissible evidence remains which would support a finding that this sublease had any value whatever.

Not only was the witness Meyer qualified as an expert, having had many years' experience in this kind of work, but as an owner he was entitled to testify as to the market value of his property. He gave such testimony, and his reasons therefor appear more plausible than those which appellant's expert gave for his reasons. The testimony to which the appellant objects, regarding the facts in connection with the actual operation of this business, was properly admitted as being a part of the foundation for the opinion expressed as to the value of the lease. Mr. Difani was also qualified as an expert witness and his testimony, while it may not have been sufficient in itself to support the verdict, was properly admitted and furnished considerable support to Meyer's testimony.

There was some evidence of the market value of this sublease, the amount being greater than that allowed by the jury.

The actual experience of the respondents in running this business, and the general conditions surrounding that operation, would greatly affect the saleability of that lease, and had an important bearing on its market value. Even the value of the appellant's lease would largely depend on many of those factors. Not only was this evidence admissible, but it disclosed that this sublease had a very substantial value. The evidence as a whole sufficiently supported the award made.

Under the views already expressed, it is unnecessary to consider the further contention that the court erred in admitting the evidence with respect to the operation of this restaurant and the surrounding conditions, and that the court abused its discretion in denying appellant's motion for a new trial which was based upon the same matters.

The judgment is affirmed.

Griffin, J., concurred.