**Department of Public Works and Buildings of the State of Illinois, Petitioner-Appellee, v. Camboni's, Incorporated, Defendant-Appellant, Donald Schuster, Defendant-Appellee.**

**Gen. No. 67–59.**

Second District.

December 27, 1967.

George P. Latchford, Jr., Latchford and Latchford, of Chicago, for appellant.

William G. Clark, Attorney General, of Chicago, Deming and Truninger, of Chicago, and Hubert J. Loftus, of Addison, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff brings this proceeding to acquire two tracts of land to relocate Route 66 in DuPage County. Both tracts are owned by the defendant, Camboni, and one of the two tracts is leased to the defendant, Schuster. A short while after the petition was filed, the plaintiff utilized the immediate vesting provisions of the Eminent Domain Act (Ill Rev Stats 1957, c 47, §§ 2.1–2.10) and the sum of $260,000 was deposited with the clerk of the court. This sum was thereafter paid out to Camboni pursuant to its petition. The subsequent jury trial resulted in a verdict of $190,000 as to the first parcel and $52,100 as to the second parcel and a verdict in favor of the defendant, Schuster, of $2,100 covering his leasehold interest. The trial court denied a motion for a new trial on behalf of the defendant, Camboni, and entered judgment on the verdict and also a judgment against Camboni, for $17,900, being the excess of the amount permitted on the immediate vesting proceedings and the final jury verdict.

The defendant, Camboni, brings the case to this court, raising various points which we will discuss in turn.

■ Defendant first argues that the testimony of the plaintiff's expert witness, George Becker, should have been stricken because Becker considered improper elements in coming to his conclusion of value. The witness Becker testified on cross-examination that he was told of the rental, but he indicated that he did not use this figure in determining his value. Rather, he considered various elements and various approaches to value, among them the income approach and, in determining the value from the income approach, he estimated the rental as one of the factors. The witness was cross-examined closely before he was permitted to express his opinion and we find no error in this regard, Department of Public Works & Buildings v. Kirkendall, 415 Ill 214, 223, 112 NE2d 611 (1953).

■ The same witness estimated operational expenses to determine net income. Again he was cross-examined closely as to what operational expenses he considered and whether or not those expenses were actually being incurred by the defendant. It was proper for the witness to consider operational expenses, Department of Public Works & Buildings v. Pellini, 7 Ill2d 367, 371–372, 131 NE2d 55 (1955), and all of the factors brought out by the defendant on cross-examination merely go to the weight of the witness's testimony and not to its admissibility.

■ The defendant next argues that it was improper to permit one Willis Capps to testify as an expert witness for the plaintiff. Capps was a resident of Alma, Wisconsin and had been a full time real estate appraiser for eleven years at the time of the trial. His experience in DuPage County was limited but did involve the appraisal of several parcels being acquired by the plaintiff in addition to the parcels in question. Curiously enough, the expertise of Mr. Capps has been previously considered by our Supreme Court. In Department of Public Works & Buildings v. Divit, 25 Ill2d 93, 182 NE2d 749 (1962), the Supreme Court said at pages 99 and 100:

"We find that the testimony of Capps was competent. It is recognized in Illinois that any person acquainted with a particular property may testify as to its value even though he is not engaged in the buying and selling of similar properties in that locality. (Department of Public Works v. Bohne, 415 Ill 253.) It is undisputed that Capps was a professional real estate appraiser and had for many years valued properties throughout the country, including Illinois. Prior to trial he spent considerable time in examining the premises and investigating facts upon which to base his opinion as to the value of the property taken. Under the circumstances the trial court did not err in permitting him to testify."

423

All of the factors involving Capps' background were brought before the jury in a very close and careful cross-examination. The trial court did not err in permitting him to testify and the defendant's contention relates to the weight of that testimony and not to its admissibility.

Defendant next argues that the witness Capps arrived at the total value by evaluating first the land and then the improvements rather than evaluating them as a whole as is required. We have carefully read the testimony of Capps. He says, among other things, that his factors "are given consideration in the over-all approach but not your final conclusions." He says, ultimately, "the final conclusion of value is based primarily on the market approach." Capps did not divide the appraisal as has been suggested by the defendant. Therefore, the trial court made no error in permitting him to express his opinion.

The defendant next contends that the testimony of one of the plaintiff's witnesses was stricken but the jury was not advised of that fact until they were instructed at the end of the case. The defendant does not argue that this was prejudicial error, and we are hard put to determine how any error could result since the jury were properly instructed before they began their deliberation of the case.

The defendant's last contention is that the verdict of the jury regarding the value of the leasehold interest of the defendant, Schuster, is not supported by the evidence. We may say originally that this question need not be considered because it was not set forth in the defendant's post-trial motion (Ill Rev Stats 1965, c 110, § 68.1(2)). The trial court did not consider the matter and it would be unfair for us to give any consideration to it. Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 572–573, 149 NE2d 351 (1958).

Even if that were not the case defendant's only point is that there was no testimony to support the jury ver-

dict. This statement is not accurate since the defendant, Schuster, was a witness and his testimony was competent because he owned the leasehold interest, was a general contractor and also a real estate developer. In addition to that, the defendant, Camboni's own witness, one Auble, a local realtor, testified to a value of the leasehold interest which corresponded with the jury's verdict.

In summary, we find no error in this record and the decision of the trial court is affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.