**DIAMOND OAKS TERRACE APART-
MENTS and Margaret
Byers, Appellants,**

v.

**Jerrie L. SPRAGGINS, Appellee.**

**No. 17926.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 26, 1978.

Day & Day and Bruce W. McGee, Fort Worth, for appellants.

Patton & Gilfeather and Pete F. Gilfeather, Fort Worth, for appellee.

### OPINION

SPURLOCK, Justice.

This is a suit for recovery of a security deposit and attorney's fees brought by a tenant against an apartment complex and its resident manager under art. 5236e.[1] In a nonjury trial, the court awarded the plaintiff $125 in damages and $150 in attorney's fees. Defendants have perfected their appeal.

We reverse and remand in part and reverse and render in part.

The following constitute the statutory bases for the instant lawsuit.

Art. 5236e, § 3(a) provides in part:

1. All statutory references are to Tex.Rev.Civ.Stat.Ann.

"In the event actual cause exists for retaining all or any portion of the security deposit, the landlord shall return to the tenant the balance of the security deposit, if any, *together with a written description and itemized list of all deductions. . . .*" (Emphasis added.)

Art. 5236e, § 4(b) provides:

"A landlord *who in bad faith fails to provide a written description and itemized list of damages and charges pursuant to the requirements of this Act,* forfeits all rights to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises and is liable to the tenant for reasonable attorney's fees in a lawsuit to recover the security deposit." (Emphasis added.)

Art. 5236e, § 4(c) provides:

"In any court action brought by a tenant under this Act, the *landlord bears the burden of proving that his retention of the security deposit or any portion thereof was reasonable. In this court action the landlord is not liable* for the penalty, treble damages, or attorneys fees referred to in Subsections (a) and (b) of this section *unless the landlord is found to have acted in bad faith.* Failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith." (Emphasis added.)

By their fourth point of error, the appellants contend that the "trial court erred by rendering judgment for plaintiff, . . . against defendant, Diamond Oaks Terrace Apartments, for the reason that plaintiff, Jerrie L. Spraggins, failed to meet her burden of proving a material portion of her case."

The thrust of appellants' argument is that the trial court did not make an affirmative finding that Diamond Oaks Terrace Apartments' failure to provide the required list of deductions was in bad faith. Rather, the trial court found in Finding of Fact No. 9 that:

"The Court *fails to find* from a preponderance of the evidence *that the failure* of Defendant Diamond Oaks Terrace Apartments *to provide* Plaintiff Jerrie L. Spraggins with *a written description and itemized list of damages* and charges pursuant to the requirements of Article 5236e of Vernon's Annotated Texas Statutes *was not in ,bad faith.*" (Emphasis added.)

By this finding of fact, the trial court misplaced the burden of proof, which is quite understandable from a reading of art. 5236e § 4(c). By that section, the landlord only has the burden of proving that his retention of the security deposit was reasonable. This same section provides that the landlord is not liable unless he has been found to have acted in bad faith. In the case at bar, there is no affirmative finding that the Diamond Oaks Terrace Apartments acted in bad faith. This is an absolute requirement of the statute.

Tex.R.Civ.P. 299 provides in part:

"The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but *where one or more elements thereof have been found by the trial court, omitted unrequested elements,* where supported by evidence, *will be supplied by presumption in support of the judgment. . . .*" (Emphasis added.)

We can not presume a finding of bad faith under Tex.R.Civ.P. 299, because this is not an instance of an "omitted unrequested element," because of the trial court's finding of fact no. 9.

We sustain appellant's fourth point of error.

By their seventh point of error, appellants contend that "[t]he trial court erred in its conclusion that plaintiff, Jerrie L. Spraggins, have judgment jointly against defendants . . . for the reason that its findings of fact and conclusions of law establish as a matter of law that there was no basis for such judgment."

Plaintiff secured a judgment against the apartment complex and its resident manager, Margaret Byers. However, in conclusion of law # 7, the trial court concluded that:

"Margaret Byers, not being a landlord as defined in Article 5236e of Vernon's Annotated Texas Statutes, is entitled to judgment that Plaintiff take nothing as to her."

■ This conclusion of law is in direct conflict with the trial court's judgment. Also, we agree that Margaret Byers is not a landlord within the meaning of art. 5236e, § 1(2), which provides:

" 'Landlord' means the owner, lessor, or sublessor of a residential dwelling unit. 'Landlord' also includes any legal entity shown as a managing agent or leasing agent on a written rental agreement."

Here, the lease agreement was signed by Mrs. J. Hays. There is no evidence in the record that Margaret Byers was shown on any written rental agreement.

We sustain appellants' seventh point of error.

Having sustained appellants' fourth and seventh points of error, the remainder of appellants' points of error have been duly considered and are overruled.

The judgment of the trial court is reversed and remanded for a new trial as to defendant Diamond Oaks Terrace Apartments; however, the judgment as to Margaret Byers is reversed and judgment is hereby rendered that plaintiff take nothing as to defendant Margaret Byers.

All costs are taxed to Diamond Oaks Terrace Apartments.