Judy K. ROEDER, Appellant,

v.

John T. NOLAN d/b/a the McLean
Company, Appellee.

No. 65447.

Supreme Court of Iowa.

June 16, 1982.

John O. Moeller, Davenport, and Clemens A. Erdahl, Iowa City, for appellant.

William C. Lucas and John T. Nolan of Lucas, Nolan, Bohanan & Moen, Iowa City, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

UHLENHOPP, Justice.

This discretionary review involves the warranty of habitability principle established in *Mease v. Fox*, 200 N.W.2d 791 (Iowa 1972). The events involved in the action occurred while sections 562.8 and 562.15 of the Code of 1977 were in operation and before the effective date of chapter 562A of the Code of 1979 (Uniform Residential Landlord and Tenant Act). Our references will be to the 1977 Code.

John T. Nolan owned a house at 204 McLean Street in Iowa City, Iowa. On August 1, 1976, he leased it at a monthly rental of $425 (plus utilities) commencing September 1, 1976. The lease purports to be of the entire house to five individuals as tenants, but whether each tenant was to be responsible for the entire rent or only for an aliquot portion of it is unclear. Nolan's records show that the tenants paid rent individually and that Nolan himself kept account of their rent payments individually. The lease also purported to require a security deposit of $65. The deposit actually taken from each tenant, however, appears to have been $85, which would be one-fifth of a total month's rent of $425. Nolan's records show that he received the deposit from the tenants individually and refunded it to them individually as they came and left. The inference could be drawn that in actual performance of the lease each tenant was considered responsible to Nolan for his or her own deposit and portion of the rent. Supporting the inference is the change in the membership of the group of tenants from time to time, and Nolan's failure to charge rent defalcations of some tenants to other tenants the first year of the lease, which Nolan testified was an oversight.

Plaintiff Judy K. Roeder initially became a subtenant of one of the tenants. She made the security deposit of $85, and also paid her portion of the rent during the period she lived in the house. A second lease extended the term for a year and increased the rent to be paid by Roeder (and presumably by each of the other tenants) to $90 per month commencing September 1, 1977.

The winter of 1977–1978 was severe. The furnace in the house, although running continuously, was inadequate to keep the house warm. An excerpt from the magistrate's minutes tells the story:

> December '77 and Jan. and Feb. 1978 over one half the time the temperature was very cold. Had to wear unusual layers of clothes. Temp. never got as high as 55°. Shower pipes froze and leaked into pantry below. Shower inoperative December 12, 1978 until mid March, '79. Plumber came once and sealed pipes. Continued to leak. Tried to insulate pipes to prevent freezing. Didn't work.
>
> Gave notice to Mr. Nolan. Plumber then came out and refused to fix plumbing because it would freeze again.

Tenant contacted the gas company.

Contacted Defendant's secretary over Christmas because temperature below 55°. Furnace was not turning off. Remained in premises because couldn't afford to move.

Roeder introduced other evidence that a utility company employee concluded the furnace was too small, and that the tenants tried to combat the cold by insulating windows, using heavy curtains, directing the heat to certain rooms, and wearing unusual amounts of clothing. Nolan introduced evidence that the winter was unusually severe and that even the courthouse was cold.

At the conclusion of the term Roeder moved out and instituted a small claim action against Nolan in Johnson County for return of her security deposit, punitive damages for bad-faith retention of the deposit, refund of rental overpayment, and damages for breach of warranty of habitability, for a total of $529.25. Nolan filed an answer. The clerk set the small claim for hearing at 3:30 p. m. on September 17, 1979, and notified the parties. *See* § 631.5(6), The Code.

At that time Roeder lived in Primghar, Iowa, some 300 miles from Johnson County, and her attorney lived in Davenport, Iowa. At 8:14 a. m. on September 17, 1979, without notification, Nolan filed a motion for continuance on the ground that he was in litigation in another court. He did not appear at the small claim hearing that afternoon. Roeder and her attorney, unaware of these happenings, drove to Iowa City from Primghar and Davenport respectively, and found the motion for continuance. The magistrate recused himself and would not entertain the small claim or the motion. No other Johnson County magistrate was available. Whether a district judge was available does not appear. Roeder and her attorney had no alternative but to return home.

Roeder later filed a resistance to the motion to continue asking entry of default or payment of the expenses of herself and her attorney for attending the hearing. The magistrate sustained the motion to continue.

The small claim was subsequently again set for hearing, and was heard. The magistrate dismissed the claim and taxed the costs to Roeder, who thereupon appealed to a district judge. The judge heard arguments, and ruled that the standard of review was "whether or not the Magistrate's decision is supported by substantial evidence." He found that it was so supported except as to the deposit of $85. He therefore granted Roeder judgment for $85 plus interest and costs. Roeder sought discretionary review by us, which we granted.

In this court Roeder asserts four propositions: (1) the standard of review before the district judge was de novo, (2) the district court should have granted expense money to Roeder as a condition to granting Nolan a continuance, (3) Roeder should have punitive damages for Nolan's failure to refund her deposit, and (4) Roeder is entitled to judgment for the rent she paid as damages for Nolan's failure to provide adequate heat for the house.

■ I. Roeder is correct as to the standard of review. *Ravreby v. United Airlines, Inc.*, 293 N.W.2d 260, 262 (Iowa 1980). Under that decision, the district judge reviews the record de novo, and enters such judgment as the magistrate ought to have entered, or affirms, modifies, or reverses. The judge may receive additional evidence if the record is inadequate for rendering judgment.

■ The standard of review in this court, however, depends on the nature of the case. If the action is a law case, we review the judgment of the district judge on error. But if the case is of the kind which we would otherwise review de novo, we review de novo. The present action is at law, and we review the judgment of the district judge on error.

Since the district judge erred on his standard of review, we must return the case to district court for a new hearing of the whole case de novo before a district judge, for reception of additional evidence should the judge deem the record inadequate for

rendition of judgment, and for entry of a new judgment.

We will consider Roeder's other propositions because the case must be heard again in the district court.

II. The aim of the small claims statute is to secure adjudication of demands for limited amounts quickly, simply, and inexpensively in the unified trial court. The processing this case received affords a good illustration of how a small claim should not be handled in that court.

Section 631.10 of the Code provides in part that "[u]nless good cause to the contrary is shown," if the plaintiff appears for a small claim hearing but the defendant fails to appear, "judgment may be rendered against the defendant by the court." In view of Nolan's failure to inform Roeder's attorney in advance of Nolan's conflicting engagement—the name and address of Roeder's attorney were on the original notice—and Nolan's failure to file the motion for continuance until the day of the hearing, and in view of Roeder's travel from Primghar and her attorney's travel from Davenport, a default judgment against Nolan might well have granted on his failure to appear in person or by attorney to proceed with the hearing.

That, however, is not what Roeder now asks. She seeks different relief: imposition upon Nolan of the travel expenses of herself and her attorney as a condition to granting the motion for continuance. We pass by the point that the continuance was an accomplished fact at the time Roeder filed her resistance to the motion for continuance.

We do not find that chapter 631 on small claims gives the judicial officer authority to condition a continuance on payment of expenses, as an alternative to the statutory authority to default the nonappearing defendant. Rule 184 of the rules of procedure applicable to regular civil actions states that a continuance shall be at the "cost" of the movant unless otherwise ordered. Under the corresponding earlier statute, this court held that attorney fees and travel expenses were not included in costs. *Moore v. Chicago, R.I. & P. Ry.*, 151 Iowa 353, 361, 131 N.W. 30, 33 (1911); *Keller v. Harrison*, 151 Iowa 320, 128 N.W. 851, *supplemental opinion*, 151 Iowa 329, 330–33, 131 N.W. 53, 54 (1910). *Cf.* Iowa R.Civ.P. 134(*a*)(4), (*b*)(2)(D), (*c*), (*d*)(3) (consequences of failure to make discovery).

We realize that the rule may be otherwise in some jurisdictions, but we are bound by our own statutes and rules. 17 Am.Jur.2d *Continuance* § 50 (1964); 17 C.J.S. *Continuance* § 105, at 487–88 (1963). We hold that Roeder's second proposition is not tenable.

III. The district judge held that Roeder is entitled to judgment for her deposit. If the district judge who hears the case de novo on remand arrives at the same finding, he will also have to decide de novo whether Nolan withheld the deposit in bad faith. Sections 562.8 to 562.16 govern this rental deposit, and section 562.14 provides:

The bad faith retention of a deposit by a landlord, or any portion of the deposit, in violation of this division shall subject the landlord to punitive damages not to exceed two hundred dollars in addition to actual damages.

*See also* § 562A.12(7), The Code 1981 (same provision carried over into new act).

Roeder argues at length that to make meaningful a landlord's duty to refund deposits under section 562.10 of the Code of 1977, the landlord who retains a deposit without right should have the burden of persuading the fact finder that he did so in good faith. The argument has appeal but the statute contains no such clause, although it does have a clause placing the burden on the landlord to show the reason for withholding. § 562.10. We hold that under the 1977 Code, when a landlord withholds a deposit in whole or in part, he has the burden of persuasion of showing the right to withhold, but if he fails to carry that burden and is thus liable for the deposit, the tenant has the burden of persuasion that the landlord withheld in bad faith, before punitive damages may be awarded the tenant. The tenant is demanding the punitive damages, and placing the burden

on him accords with the general principle on placement of the burden of proof on an exemplary damage claim. 22 Am.Jur.2d *Damages* § 303 (1965); 25A C.J.S. *Damages* § 144d (1966).

The uniform landlord-tenant act as proposed by the commissioners provides for a penalty on the landlord of a sum (or twice the sum, at the choice of the legislature) equal to the amount wrongfully withheld, plus attorney fees. Unif. Residential Landlord and Tenant Act § 2.101(c), *reprinted in* 7A U.L.A. 524 (1978). Apparently this penalty is automatic when wrongful withholding is found. The Iowa General Assembly did not chose to enact that provision of the uniform act. Some states have statutory provisions expressly placing the burden of proof on the landlord to establish that his retention of a deposit was not "wrongful," *Martinez v. Steinbaum*, Colo., 623 P.2d 49, 54 (1981); *Guzman v. McDonald*, 194 Colo. 160, 162, 570 P.2d 532, 533 (1977), or creating a presumption of bad faith on the part of the landlord who wrongfully withholds. *Diamond Oaks Terrace Apartments v. Spraggins*, 561 S.W.2d 612, 613 (Tex.Civ. App.1978); *Wilson v. O'Connor*, 555 S.W.2d 776, 780 (Tex.Civ.App.1977). We apply our statute as we find it.

■ Bad faith or good faith, of course, being a state of mind, may be established by substantial circumstantial evidence as well as by substantial direct evidence. 29 Am.Jur.2d *Evidence* §§ 358, 365 (1967); 31A C.J.S. *Evidence* §§ 174, 175 (1964).

IV. Roeder also claims damages for breach of the warranty of habitability based on the inadequate heating system. At the small claims hearing she introduced substantial and persuasive evidence on that item of damage.

On remand the district judge will have to decide de novo whether Roeder proved by a preponderance of the evidence that the warranty was breached in this respect. If the judge finds affirmatively, he will have to find whether Nolan proved by a preponderance of the evidence that Roeder "voluntarily, knowingly and intelligently" waived the breach. *Mease*, 200 N.W.2d at 797.

■ If the judge finds that Roeder sustained her burden to prove breach but Nolan did not sustain his burden to prove waiver, the judge will have to find whether Roeder proved by a preponderance of the evidence that she sustained damages and their amount. The ordinary measure of damage where the tenant stays in possession as Roeder did is stated thus in *Mease* at 797:

> Where there has been a material breach of implied warranty, tenant's damages shall be measured by the difference between the fair rental value of the premises if they had been as warranted and the fair rental value of the premises as they were during occupancy by the tenant in the unsafe or unsanitary condition.

■ A tenant may also, of course, recover incidental and consequential damages proven. *Id.; see also* Annot., 1 A.L.R. 4th 1183 (1980). As a co-owner of the leasehold, Roeder is competent to testify to the fair rental value per month, during the winter of 1977–1978, of the house as it was. *People v. Frahm*, 114 Cal.App.2d 61, 249 P.2d 588 (1952); *Department of Public Works and Buildings v. Camboni's Inc.*, 90 Ill.App.2d 421, 232 N.E.2d 747 (1967); *City of Baltimore v. Schreiber*, 243 Md. 546, 221 A.2d 663 (1966); *State ex rel. State Highway Comm. v. Chavez*, 80 N.M. 394, 456 P.2d 868 (1969). This is especially so in view of the liberality of small claims procedure. § 631.11(1) and (2), The Code.

We return the case to district court for de novo hearing and judgment on the whole case by a district judge, and for reception of additional evidence if the judge deems the record inadequate for the purpose of rendering judgment.

REVERSED AND REMANDED.