Carol Ann **MERMIGIS**, Appellee,

v.

**SERVICEMASTER INDUSTRIES, INC.,** Servicemaster Management Services Corporation and Servicemaster Management Services Corporation, d/b/a Health Care Services—West Central Division, Appellants.

No. 87–1557.

Supreme Court of Iowa.

March 22, 1989.

Frank Watson, Jr., and John J. Gajdel of Watson and Gajdel, Des Moines, for appellee.

Dorothy L. Kelly of Jones, Hoffman and Huber, Des Moines, for appellants.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Plaintiff Carol Ann Mermigis was injured when struck by a door closer on the premises of her employer, Des Moines General Hospital. Defendant Servicemaster[1]

---

1. For purposes of this appeal, the defendant-appellants will be treated as one and referred to as Servicemaster.

was employed at the time to manage the maintenance operations of the hospital's physical plant. Plaintiff's action, alleging her injuries were due to defendant's negligence in maintaining the hospital premises, was submitted to a jury which returned a verdict in her favor. In its appeal, defendant challenges (1) the jurisdiction of the district court, (2) certain jury instructions relating to agency and the defendant's standard of care, and (3) certain evidentiary rulings.

In her cross-appeal, plaintiff contends the trial court erred in denying a portion of her prejudgment interest.

We affirm on defendant's appeal, reverse on plaintiff's cross-appeal, and remand for entry of judgment consistent with this opinion.

I. *Background facts and proceedings.* We review the facts in this law action in the light most favorable to the jury verdict. *Cornell v. Wunschel,* 408 N.W.2d 369, 372 (Iowa 1987). Even when the facts are not in dispute or contradicted, if reasonable minds may draw different inferences from them, a jury question is engendered. Iowa R.App.P. 14(f)(17).

The jury could have found the following facts. In July 1981, Des Moines General Hospital contracted with defendant Servicemaster to manage the hospital's maintenance and construction operations. Under this agreement, Servicemaster was to provide, among other things, the following management functions: oversight of the hospital's maintenance and construction needs; selection and development of maintenance personnel; establishment of standard operational procedures in the hospital maintenance department; development and implementation of a standardized maintenance program; management of the hospital's maintenance budget; implementation of a casualty prevention and control program; and provision of the technical support for these services.

Under the agreement, the actual maintenance work in the hospital was conducted by hospital employees. Servicemaster provided a full time, on-site manager, Douglas Craft, to direct the work of the mainte-

nance department. Under Craft's direction, no maintenance work was to be undertaken without submitting a formal work order for his approval. Following the receipt of a work order, Craft or his foreman would authorize the work to be done and then assign maintenance personnel to the particular project. Craft was responsible for the supervision of the work he assigned.

On April 5, 1983, a hospital security official noticed that a hydraulic door closer was not securely fastened above a service door to the hospital annex. He submitted a work order calling the maintenance department's attention to the problem. The work order was subsequently authorized by Craft, and Craft assigned a maintenance worker to repair the door.

Before the repairman completed fastening the door closer, his shift ended and he retired for the day. He left a handwritten note taped to the door which read "Warning—Do not use." The door was not locked or otherwise secured. Craft was not notified of this condition, nor did he attempt to inspect the repairman's work.

Shortly thereafter, plaintiff completed her shift in the hospital personnel office. Plaintiff attempted to leave the building through the doorway on which the repair work had been started but not yet completed. When she pushed open the door, the door closer became dislodged and fell, striking her on the head and causing her personal injuries.

Plaintiff received workers' compensation benefits from her employer, Des Moines General Hospital, due to her injuries.

Plaintiff subsequently filed this action on March 22, 1985, against Servicemaster, alleging that Servicemaster's negligent maintenance of the hospital premises caused her injuries.

In September 1986 plaintiff moved for a continuance in order to avoid dismissal pursuant to Iowa Rule of Civil Procedure 215.1. Defendant consented to the continuance on condition that if the continuance was granted, the district court would suspend the accrual of prejudgment interest on

plaintiff's ultimate recovery from and after January 1, 1987. In October 1986, an order was entered granting the continuance and suspending the accrual of prejudgment interest from and after January 1, 1987. Two later motions by plaintiff for reconsideration of the interest ruling were overruled.

At trial, plaintiff introduced evidence that the blow to her head caused permanent and serious brain injury. Testimony also established that her injuries included degenerative neurological damage which would require continuous treatment and would require increasing levels of treatment and care over time. A hospital personnel officer testified that although plaintiff was still employed by the hospital at the time of trial, she would soon be unable to perform at her position and would at that time lose her job. Plaintiff also offered expert testimony as to the present value of her future lost wages and the future cost of care that her condition would require.

A substantial jury verdict was returned in plaintiff's favor. One hundred percent of the fault was found to be attributable to Servicemaster. Defendant's posttrial motions were overruled and judgment was entered upon the verdict; however, no interest was allowed by the court on the verdict for the period between December 31, 1986, and September 29, 1987. Plaintiff's posttrial motion to reconsider the court's limited interest award was overruled.

Defendant appealed, contending the district court erred (1) by exercising jurisdiction in a matter exclusively within the jurisdiction of the Industrial Commissioner under the Iowa Workers' Compensation Act, (2) by improperly instructing the jury as to an agency relationship between defendant and the hospital maintenance employees, (3) by improperly instructing the jury as to defendant's standard of care, (4) by refusing to allow the jury to consider the fault of the non-party hospital, and (5) by allowing certain expert testimony in evidence. Plaintiff cross-appealed alleging the district court was without authority to suspend the accrual of prejudgment interest on her damages award.

Our review is for correction of errors at law. Iowa R.App.P. 4. Additional facts will be recited when necessary to fully develop the issues presented.

II. *Jurisdiction of the district court.* Servicemaster contends that it was an agent of the hospital and therefore plaintiff's coemployee. As a coemployee, Servicemaster claims that, absent allegations of gross negligence, the plaintiff's action is exclusively within the jurisdiction of the Industrial Commissioner under the Iowa Workers' Compensation Act, Iowa Code chapter 85.

Servicemaster claims the benefit of the exclusive remedy provision of the act. Iowa Code section 85.20 provides in part:

The rights and remedies provided in this chapter ... for an employee on account of injury ... for which benefits under this chapter ... are recoverable, shall be the exclusive and only rights or remedies of such employee ... against:

1. the employee's employer; or
2. any other employee of such employer....

■ An independent contractor and its employees are not employees of the general contractor entitled to coverage under the act. *See* Iowa Code § 85.61(3)(b) (1987); *Bashford v. Slater,* 252 Iowa 726, 731, 108 N.W.2d 474, 476 (1961); *Farris v. General Growth Dev. Corp.,* 354 N.W.2d 251, 255–56 (Iowa App.1984). It is the defendant's burden to produce sufficient evidence to support a finding that it is an employee rather than an independent contractor. *See* Iowa R.App.P. 14(f)(5); *Peterson v. Pittman,* 391 N.W.2d 235, 237 (Iowa 1986).

■ Servicemaster's contentions that it was an agent of the hospital and not an independent contractor are contrary to the manifest weight of the evidence. Use of the term "agent" in the written 1981 contract between defendant and the hospital is less determinative than the effects of the agreement and the actions of the parties under it. Under the contract, Servicemaster was to provide its expertise in manag-

ing and operating the hospital maintenance department. Servicemaster employed its own managers and implemented its own programs. The hospital conveyed complete authority to Servicemaster to direct hospital maintenance personnel and Servicemaster assumed "full responsibility" for maintenance functions. Douglas Craft, the on-site Servicemaster manager, was responsible for the day to day operation of the department. Servicemaster's expertise and Craft's management skills, in turn, were purchased by the hospital for a substantial sum.

We agree with the district court that there was not a sufficient basis for a jury to find Servicemaster was a hospital employee. The district court correctly ruled, as a matter of law, that Servicemaster was employed by the hospital as an independent contractor. *See Peterson*, 391 N.W.2d at 237; *Nelson v. Cities Service Oil Co.*, 259 Iowa 1209, 1215–16, 146 N.W.2d 261, 264–65 (1967).

Finding defendant Servicemaster was not a coemployee of plaintiff, jurisdiction in plaintiff's action was properly exercised by the district court. *See* Iowa Code §§ 85.20, 85.22 (1987).

III. *The agency instruction.* Defendant next contends the district court erred in its instructions relative to the relationship between Craft, the Servicemaster manager, and the hospital maintenance employee assigned to work on the hydraulic door closer. Specifically, Servicemaster asserts that the agency instruction submitted by the district court failed to include all the criteria required to establish the existence of a principal-agent relationship.[2]

■ The contested instruction provided in part:

The test of agency is the right to exercise control of the actions and conduct of another.

·    ·    ·    ·    ·

The principal is bound by, and liable for the acts which the agent does within

the actual or apparent authority from the principal, and within the scope of the agent's employment, or which the principal ratifies.

Although this court has stated that an agency relationship results from (1) a manifestation of consent by one person that another shall act on the former's behalf and subject to the former's control and (2) the consent of the latter to so act, *Pillsbury Co. v. Ward*, 250 N.W.2d 35, 38 (Iowa 1977), the right of control remains the primary consideration. *Burr v. Apex Concrete Co.*, 242 N.W.2d 272, 276 (Iowa 1976) (with the right to control and direct a servant's acts comes responsibility for such acts); *Duffy v. Harden*, 179 N.W.2d 496, 502 (Iowa 1970) (the most important test is the right to control the work done); 53 Am.Jur.2d *Master and Servant* § 413 at 422 (1970) (the real test of liability is the power or right to control the employee).

Omission of a "consent" instruction does not render the above instruction defective. Consent may be implied from both the evidence and the instruction relative to control. In any event, we cannot say the instruction was contrary to Iowa law. Defendant's assignment of error in this regard is without merit.

■ IV. *The negligence instruction.* Defendant claims the trial court's negligence instruction improperly assigned Servicemaster the duty and standard of care applicable to the owner of the premises, Des Moines General Hospital.

With respect to defendant's standard of care, plaintiff offered in evidence a copy of Servicemaster's contract with the hospital. Under that contract, Servicemaster agreed "to perform the managing function of plant operations maintenance and construction services in accordance with the highest standards of cleanliness, appearance and good engineering practices for the hospital and applicable JCAH [Joint Commission on Accreditation of Hospitals] standards...." Plaintiff also offered testimony relative to

---

**2.** At trial, neither party requested an instruction relative to the repairman's status as a borrowed servant. *See* Iowa Civil Jury Instruction 730.4; *see also Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 45 (Iowa 1984).

a Des Moines building code ordinance which provided that a building owner or its designated agent was responsible for the safe and sanitary condition of the premises.

Responsibility for safely maintaining the premises can be contractually assumed. *Giarratano v. The Weitz Co. Inc.,* 259 Iowa 1292, 1305, 147 N.W.2d 824, 832 (1967). Among the bases for liability enumerated in the trial court's negligence instruction was the breach of certain obligations which imposed a standard of care on Servicemaster by virtue of its contract with the hospital. We find substantial evidence supported this instruction.

**V.** *Tort liability of the hospital.* In a separate action, plaintiff was awarded workers' compensation benefits from her employer, Des Moines General Hospital. Defendant argues that the jury in the present action should have been allowed to consider the acts of the hospital in assessing fault and assigning liability for plaintiff's injuries on the special verdict form.

Initially, we note Des Moines General Hospital was not a named party to plaintiff's personal injury action, *see* Iowa Code § 668.2, nor was it a released party as contemplated under section 668.7. *See Baldwin v. City of Waterloo,* 372 N.W.2d 486, 492–93 (Iowa 1985); *see also Selchert v. State,* 420 N.W.2d 816, 819–21 (Iowa 1988).

As plaintiff's employer, the hospital enjoys statutory immunity from tort liability for plaintiff's injuries arising out of and in the course of her employment. Iowa Code § 85.20. Iowa Code section 668.5(1) provides that "[a] right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury...." This court has adhered to the rule that contribution is available between concurrent tortfeasors only when they share a common liability to the injured party. *McIntosh v. Barr,* 397 N.W.2d 516, 517 (Iowa 1986); *Rees v. Dallas County,* 372 N.W.2d 503, 504–05 (Iowa 1985). No common liability is shared between a third party tortfeasor and a plaintiff's employer whose liability is limited by the workers' compensation act. *Iowa Pow-*

*er and Light Co. v. Abild Construction Co.,* 259 Iowa 314, 322, 144 N.W.2d 303, 308 (1966). Correspondingly, an employer's negligence cannot be considered by a jury to reduce a third party tortfeasor's liability to the plaintiff. *See Speck v. Unit Handling Div.; Litton Sys., Inc.,* 366 N.W.2d 543, 548 (Iowa 1985). Thus, the trial court correctly restricted the jury from assessing the fault of Des Moines General Hospital on the special verdict form.

**VI.** *Admission of expert testimony.* Lastly, defendant contends the district court erroneously admitted certain testimony of plaintiff's expert witnesses. Primarily, defendant complains that plaintiff's economist offered an opinion that was without foundation in the record.

Iowa Rule of Evidence 702 allows the admission of expert opinions in evidence if such opinions will assist the trier of fact to understand the evidence or determine a fact in issue. Rule 703 governs the bases upon which an expert opinion may be premised and provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the trial or hearing. If of a type reasonably relied upon by experts in the particular field informing opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Iowa R.Evid. 703.

Under these rules and our case law, this court has long been committed to a liberal view which allows opinion testimony if it will aid the jury and is based on special training, experience and knowledge with respect to the issue in question. *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 11 (Iowa 1977). Sufficient data, however, must appear upon which an expert opinion may be based, and if absent, the opinion is incompetent. *Holmquist v. Volkswagen of America, Inc.,* 261 N.W.2d 516, 524 (Iowa App.1977) (citing *Lessenhop v. Norton,* 261 Iowa 44, 55, 153 N.W.2d 107, 114 (1967)). The decision to admit or exclude opinion

evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent manifest abuse of that discretion to the prejudice of the complaining party. *State v. Myers*, 382 N.W.2d 91, 93 (Iowa 1986).

Defendant contends the opinion of plaintiff's economic expert should have been excluded because his testimony was based upon assumptions which were not supported by the record.

Based upon our review of the record, we believe the admission of the economist's opinion in this case was within the trial court's discretion. A hospital personnel officer testified that plaintiff would be discharged from her employment due to her condition. This witness and others produced by plaintiff testified that her condition would prevent her from being employable in the near future. Future costs and expenses of treatment were also established in the record.

Against a similar objection to an economist's testimony, we found that an incomplete understanding of the facts did not prevent the admission of the opinion testimony, rather it affected the weight of the evidence. *Sallis v. Lamansky*, 420 N.W.2d 795, 798 (Iowa 1988). The facts underlying the economist's testimony here were sufficiently, if not completely, established. Therefore, we cannot say that the trial court abused its discretion in this regard.

Defendant's other assigned errors relative to evidentiary and additional issues have been examined and found to be without merit.

VII. *Prejudgment interest.* On cross-appeal, plaintiff contends the district court erred in suspending the accrual of prejudgment interest after December 31, 1986, when granting her motion for continuance in October 1986, and in its final order entering judgment on the verdict.

Interest was allowed on the verdict at ten percent per year from March 22, 1985, (the date plaintiff's petition was filed) to December 31, 1986, and then from September 29, 1987, (after rendition of the jury verdict) until paid.

■ Defendant claims that allowing prejudgment interest to accrue after a plaintiff is granted a continuance past a rule 215.1 try-or-dismiss deadline unjustly penalizes a defendant who, in a timely fashion, stands ready for trial. The district court apparently agreed, and ruled the suspension of interest accrual was a lawful sanction for any alleged delay by plaintiff in bringing her action to trial.

Iowa Code section 535.3 provides for the recovery of prejudgment interest. That section reads in part:

> Interest shall be allowed on all money due on judgments and decrees of courts at a rate of ten percent per year.... The interest *shall* accrue from the date of commencement of the action.

Iowa Code § 535.3 (1987) (emphasis added).

In *Sheer Constr., Inc. v. W. Hodgman and Sons, Inc.*, 326 N.W.2d 328, 334 (Iowa 1982), we held the language of section 535.3 was mandatory and "stripped the court of any discretion to withhold interest on the judgment." We have since stated that an award of interest under section 535.3 is obligatory on the district court, *Iowa State Commerce Comm'n v. Manilla Grain Terminal, Inc.*, 362 N.W.2d 562, 565 (Iowa 1985), and interest should be awarded even when it has not been requested. *Oskaloosa Food Prods. Corp. v. Aetna Casualty & Sur.*, 337 N.W.2d 521, 523 (Iowa 1983).[3]

Neither may the district court withhold interest as a sanction for delay or as a condition for granting a continuance under Iowa Rule of Civil Procedure 215.1. Rule 215.1 provides that all cases subject to the rule "shall be assigned and tried or dismissed without prejudice at plaintiff's costs

---

3. We note, parenthetically, the recent amendment to Iowa Code section 535.3 exempting future damage awards from earning prejudgment interest. 1987 Iowa Acts ch. 157, §§ 1, 8; *see* Iowa Code §§ 535.3, 668.13 (1987 supp.); *see also In re Marriage of Baculis*, 430 N.W.2d 399, 402–03 (Iowa 1988). The present action arose prior to the effective date of that legislation, however, and defendant makes no claim that prejudgment interest is not due on plaintiff's future damages award. *See* 1987 Iowa Acts ch. 157, § 11.

unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon...."

The operation of rule 215.1 does not give conditional powers to the trial court, but the court does have the discretion to grant continuances for just cause upon timely application. *Miller v. Bonar*, 337 N.W.2d 523, 526 (Iowa 1983). Thus, the district court's discretion is generally limited to deciding whether the continuance will be denied or will be granted and the case continued to a date certain, with the case subject to dismissal if not tried on the date stated. If warranted, the proper sanction against a dilatory plaintiff under the rule is refusal to grant a continuance, not denial of pretrial interest. Defendant has cited no authority to the contrary.

Neither is the denial of prejudgment interest a lawful assignment of costs under our general continuance rules. *See* Iowa R.Civ.P. 182–184. Rule 184 in part provides that every continuance shall be at the cost of the moving party unless otherwise ordered by the court. In *Roeder v. Nolan*, 321 N.W.2d 1, 4 (Iowa 1982), we held that a continuance could not be conditioned upon payment by the movant of the non-moving party's travel expenses. There we stated that "costs" in the context of our continuance rules did not include such expenses or attorney fees. *Id.* Prejudgment interest is similarly not a "cost" but rather is an element of plaintiff's recovery. *See Baculis*, 430 N.W.2d at 401 (generally, prejudgment interest reflects the lost value of the money awarded). Thus, the denial of prejudgment interest is not a cost that the district court may assess in granting a continuance.

The district court erroneously suspended the accrual of plaintiff's prejudgment interest between December 31, 1986, and September 29, 1987.

VIII. *Disposition.* While the present appeal was pending, plaintiff filed a motion to dismiss the appeal pursuant to Iowa Rule of Appellate Procedure 19(a), and, alternatively, a motion to strike certain material from the appendix and tax costs to defendant pursuant to Iowa Rule of Appel-

late Procedure 15(b). These motions were submitted with the appeal. Upon consideration of the motions, and defendant's resistance thereto, the motions are overruled.

In summary, we conclude the district court had jurisdiction in this matter and committed no reversible error in the assignments raised by defendant. Therefore, we affirm on defendant's appeal.

The court erroneously suspended the accrual of prejudgment interest on plaintiff's jury verdict award. We reverse on plaintiff's cross-appeal and remand for entry of a revised judgment on the verdict in favor of plaintiff which includes interest on the verdict at ten percent per year from March 22, 1985, when plaintiff's petition was filed, until paid.

Accordingly, we affirm in part, reverse in part, and remand for entry of judgment consistent with this opinion. Costs are taxed to defendant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.