**Christopher ADAMS, By His Parents and Next Friends, Michael ADAMS and Cindy Adams, Plaintiff–Appellant, Cross–Appellee**

v.

**Bruce JOHNSON and Julie Johnson, Defendants–Appellees, Cross–Appellants.**

**No. 88–101.**

Court of Appeals of Iowa.

June 15, 1989.

Larry F. Woods, Oelwein, for plaintiff-appellant, cross-appellee.

James E. O'Donohoe of O'Donohoe, O'Connor & O'Donohoe, New Hampton, for defendants-appellees, cross-appellants.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

In this tort case, the plaintiffs appeal from a judgment in their favor, challenging the suspension of prejudgment interest as a discovery sanction. The defendants have cross-appealed; they contend additional discovery sanctions should have been imposed, that the damage award was not supported by the evidence, and the trial judge should have recused himself because of his awareness of pretrial settlement offers. We reverse in part and affirm in part.

Ten-year-old Christopher Adams was bitten by a dog and suffered serious injuries. Christopher, acting by his parents as next friends, sued the dog's owners. After a trial to the court, the plaintiffs recovered a judgment for $52,500. However, upon the defendants' motion, the district court suspended prejudgment interest as a sanction for the plaintiffs' failure to give timely answers to certain interrogatories.

The plaintiffs have appealed from the judgment in their favor, challenging solely the district court's order suspending prejudgment interest as a discovery sanction. The plaintiffs contend (1) no discovery sanctions were warranted under the facts of this case, (2) suspension of interest is not a legally permissible discovery sanction under Iowa Rule of Civil Procedure 134, (3) the court had no jurisdiction to impose a sanction because the plaintiffs were not given notice or hearing on the question of sanctions, and (4) defendants had waived any entitlement to discovery sanctions by failing to object to certain evidence.

Defendants have cross-appealed from the judgment. They contend the damage award was not supported by the evidence. They also contend the district court should have imposed additional discovery sanctions by excluding the testimony of witnesses allegedly not identified in a timely fashion during discovery. Finally, they contend the district judge should have recused himself because his awareness of pretrial settlement offers had impaired his impartiality.

In response to defendants' cross-appeal, plaintiffs argue defendants waived their right to appeal by voluntary payment of the judgment.

Our scope of review is for errors of law. Iowa R.App.P. 4.

I.

On appeal, plaintiff argues the trial court did not have authority to suspend prejudgment interest as a sanction for his alleged failure to cooperate in discovery procedures.

A long dissertation of the facts is not necessary here because we find the recent supreme court decision in *Mermigis v. Servicemaster*, 437 N.W.2d 242 (Iowa 1989), is controlling.

In *Servicemaster*, the Iowa Supreme Court held the trial court did not have authority to suspend the accrual of prejudgment interest after the trial court granted the plaintiff a continuance past a 215.1 try-or-dismiss deadline. The court noted the language of section 535.3 is obligatory upon the court and interest provided for in that section should be awarded regardless of whether or not it is requested. *Id.* at 248. In addition, the court held rule 215.1 or any general continuance rules

(see Iowa R.Civ.P. 182–184) do not provide for the denial of prejudgment interest as a sanction. *Id.* at 249.

The defendants brought their motion for sanctions under Iowa Rule of Civil Procedure 134. They argue it is not necessary for the sanction of suspending prejudgment interest be expressly enumerated for it to be available to the trial court. Rule 134(b)(2) provides the sanctions available when a party fails to comply with an order compelling discovery:

> (2) **Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under R.C.P. 147"e" to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision "a" of this rule or R.C.P. 132, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> >
> > (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
> >
> > (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> >
> > (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

■ Accordingly, the trial court had any number of options it could have chosen under rule 134(b)(2), however, the suspension of prejudgment interest was not an alternative. Just as the supreme court in *Servicemaster* found the prejudgment interest language of section 535.3 to be obligatory and further found no language in the rules for continuance specifically providing for such a sanction, we determine, using the same analysis, suspension of prejudgment interest was not available to the trial court as a sanction under rule 134(b)(2).

## II.

■ It is well settled that a party who makes payment of a judgment or who accepts the benefits of a judgment may not ordinarily challenge the action from which his actions arise on appeal. *Ames General Contractors, Inc. v. Iowa Employment Security Comm'n.*, 200 N.W.2d 538, 541 (Iowa 1972); *Neylan v. Moser*, 400 N.W.2d 538, 541 (Iowa 1987). The party relying on the appellate waiver doctrine, however, has burden to demonstrate a voluntary and knowing waiver. *Neylan*, 400 N.W.2d at 541.

In this case, following trial to the court and its subsequent order, defendants filed a motion for new trial, the trial court overruled the posttrial motions on December 17, 1987. Three days later, the defendants' insurance company paid the judgment by mailing a check to the clerk of court, which was endorsed by the clerk, and given to plaintiffs' counsel.

■ There is no evidence either plaintiff or his counsel ever requested payment of the judgment prior to the insurance company's payment. The payment made was totally voluntary and was not made under any threat of legal action or other compulsion. This being the case, we determine the defendants effectively waived their

right of appeal by their voluntary payment of the judgment.

We reverse the trial court's sanction of suspending the prejudgment interest, we reinstate said interest, and dismiss defendants' cross-appeal.

AFFIRMED IN PART AND REVERSED IN PART.