James David SORENSEN and Kristine Marie Sorensen, Plaintiffs,

v.

MORBARK INDUSTRIES, INC., and The Beevers, Inc., Defendants.

No. C 92–3079.

United States District Court, N.D. Iowa, C.D.

Oct. 6, 1993.

George S. Eichhorn, Eichhorn–Elverson–Vasey, Des Moines, IA and Duane E. Arndt, Arndt & Benson, P.A., Minneapolis, MN, for James David Sorensen and Kristine Marie Sorensen.

Gregory M. Lederer, Simmons Perrine Albright Ellwood, Cedar Rapids, IA, for Morbark Industries, Inc., and The Beevers, Inc.

### ORDER

JARVEY, Chief United States Magistrate Judge.

This matter comes before the court pursuant to plaintiffs' August 19, 1993, motion for partial summary judgment (docket number 11). Defendants filed a resistance to the motion on September 2, 1993 (docket number 14), asking that the motion for summary judgment be denied or in the alternative that the court certify a question to the Iowa Supreme Court. The motion for summary judgment is denied. However, pursuant to *Fed.R.Civ.P.* 12(f), the court strikes in part the affirmative defenses that are the subject of the motion for summary judgment. Defendants' alternative motion to certify a question to the Iowa Supreme Court is denied.

Additionally, this matter comes before the court pursuant to defendants' September 15, 1993, motion for extension of deadlines (docket number 17). The motion for extension of deadlines is filed with the consent of the plaintiffs, and is therefore granted.

## I. BACKGROUND

Plaintiffs James David Sorensen and Kristine Marie Sorensen (the Sorensens) filed this products liability action in Iowa District Court for Cerro Gordo County on August 20, 1992. The petition seeks recovery on theories of strict liability and negligence for injuries to James Sorensen resulting from his use of an Eeger Beever Wood Chipper in the course of his employment with the Cerro Gordo County Conservation Board. The Sorensens received workers compensation benefits through James Sorensen's employer. This action is against "third-party" tortfeasors, the manufacturers and sellers of the allegedly defective wood chipper, seeking additional recovery for Sorensen's injuries. Under Iowa Code § 85.22(1), Sorensen's employer's workers compensation carrier has a right of indemnity, to the extent of benefits it has paid, out of any recovery by the Sorensens against the "third-party" tortfeasors.

Defendants Morbark Industries, Inc., and The Beevers, Inc. (collectively Morbark), filed a notice of removal to federal court on October 8, 1992, and answered the petition, now styled a complaint, on October 16, 1992. As an affirmative defense, Morbark states that

> the employer of plaintiff James David Sorensen was at fault and that such fault was the sole or at least one proximate cause of the injuries and damages alleged by plaintiffs. Such fault either should bar plaintiffs' recovery or should reduce it to the extent that the employer and/or its workers' compensation insurer will otherwise recover through plaintiffs.

Defendants' Answer, p. 5–6.

The Sorensens have moved for partial summary judgment on the ground that under Iowa law it is clear that a party's recovery cannot be reduced by a non-party's actions,

and therefore the fault of an employer who cannot be a party to this action by virtue of Iowa's Workers' Compensation Act, Iowa Code Ch. 85, cannot be used to reduce any recovery by the Sorensens. The Sorensens also seek partial summary judgment on Morbark's affirmative defense that the fault of James Sorensen will bar or reduce the recovery of Kristine Sorensen.

## II. THE MOTION FOR SUMMARY JUDGMENT

■ *Fed.R.Civ.P.* 56(a) states that a claimant may move for summary judgment on any "claim, counterclaim, or crossclaim or to obtain a declaratory judgment." In this action, the Sorensens seek partial summary judgment on Morbark's *affirmative defense.* An affirmative defense is not one of the issues specified by the rule upon which a claimant is allowed to seek summary judgment. The court has been directed to no authority, and has found none, that supports the proposition that a party may obtain summary judgment on the opposing party's affirmative defense. The Sorensens' motion for summary judgment is denied as improper.

■ However, the court will consider the merits of the Sorensens' motion pursuant to *Fed.R.Civ.P.* 12(f). That rule states as follows:

(f) Motion to Strike. Upon motion by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party *or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter.

*Fed.R.Civ.P.* 12(f) (emphasis added). The Sorensens cannot now make a timely motion to strike Morbark's affirmative defenses. However, both parties seek the court's consideration of the sufficiency of those defenses. On it own initiative, therefore, the court will consider the sufficiency of Morbark's affirmative defenses of fault and comparative fault on the part of Sorensen and Sorensen's employer.

## III. FAULT AND COMPARATIVE FAULT

### A. Fault And Comparative Fault Of An Employer In An Action Against A Third–Party Tortfeasor

The Sorensens argue that the Iowa Supreme Court has consistently rejected attempts by "third-party" tortfeasors to assess comparative fault against the plaintiff's employer, because that employer cannot be a party to the "third-party" action as a result of the state's workers compensation scheme. Morbark admits that the Iowa Supreme Court has so ruled in the past, but that the Iowa Supreme Court has never rejected the particular application of the comparative fault statute it seeks here. Morbark also argues that, given the opportunity, the Iowa Supreme Court would reject as obsolete its prior opinions on the matter. Morbark asks that this court certify to the Iowa Supreme Court the question of the sufficiency of its affirmative defense of comparative fault on the part of Sorensen's employer.

■ A request that a federal district court certify a question of state law to the state's supreme court is "a matter addressed to the discretion of the district court." *Packett v. Stenberg,* 969 F.2d 721, 726 (8th Cir. 1992) (citing *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974)). In *Packett,* the federal district court refused to certify questions of state law to the Nebraska Supreme Court and instead relied on its own interpretation of Nebraska statutes and cases to reach its decision. *Id.* The Iowa Code provides that

[t]he supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of another state, when requested by the certifying court, if there are involved in a proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the

decisions of the appellate courts of this state.

Iowa Code § 684A.1 (1993). In the present case, the court finds that Iowa Supreme Court precedent on the issues in question is sufficiently consistent and unambiguous for this court to decide the questions of Iowa law presented.

■ Iowa Code Ch. 668 (1993) is Iowa's Comparative Fault Act. Under Iowa comparative fault law, parties are defined as a claimant, a person named as a defendant, a person who has been released pursuant to the statute, or a third-party defendant. Iowa Code § 668.2. Parties to the action may each be assessed a percentage of fault by the trier of fact. Iowa Code § 668.3(2)(b). The total damages found for any claimant are diminished by the court in proportion to the amount of fault attributable to the claimant. Iowa Code § 668.3(1) and (4). If a party has been released by the claimant, the claim of the releasing person against other persons is reduced by the amount of the released person's equitable share of the obligation, as determined in section 668.3(4). Iowa Code § 668.7. Finally, Iowa's comparative fault statute provides that a right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury. Iowa Code § 668.5(1).

■ An employer, however, is statutorily immune from tort liability for plaintiff's injuries arising out of and in the course of his or her employment. Iowa Code § 85.20. Therefore, the employer is neither a party to a suit by the injured employee against a "third-party" tortfeasor nor a released party subject to Iowa Code Ch. 668's comparative fault provisions. *Mermigis v. Servicemaster Indus., Inc.*, 437 N.W.2d 242, 247 (Iowa 1989); *see also Selchert v. State*, 420 N.W.2d 816, 819–20 (Iowa 1988) (no allocation of fault to non-party under Ch. 668); *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 492–493 (Iowa 1985) (same).

■ The Iowa Supreme Court has adhered to the rule that contribution is available between concurrent tortfeasors only when they share a common liability to the injured party. *Mermigis, supra,* at 247; *McIntosh v. Barr*, 397 N.W.2d 516, 517 (Iowa 1986); *Rees v. Dallas County,* 372 N.W.2d 503, 504–05 (Iowa 1985). No common liability is shared between a third-party tortfeasor and a plaintiff's employer whose liability is limited by the worker's compensation act, so there can be no right of contribution between them. *Mermigis, supra,* at 247 (citing *Iowa Power and Light Co. v. Abild Construction Co.,* 259 Iowa 314, 322, 144 N.W.2d 303, 308 (1966)). Correspondingly, an employer's negligence cannot be considered by a jury to reduce a third-party tortfeasor's liability to the injured employee. *Id.; Speck v. Unit Handling Div. of Litton Sys., Inc.,* 366 N.W.2d 543, 548 (Iowa 1985); *Thompson v. Stearns Chemical Corp.,* 345 N.W.2d 131, 134–36 (Iowa 1984).

Morbark argues that the Iowa Supreme Court has not rejected its particular application of Iowa Code Ch. 668. Under its application, the damages of the Sorensens would be split into two pools: one pool would be the employer's pool for the amount of workers compensation benefits it has paid; the other pool would be the Sorensens' damages less workers compensation benefits received. Each pool would then be reduced by the percentage of fault of the respective party. Defendants argue that failure to divide the damages of the Sorensens is contrary to the operation of Ch. 668, which requires reduction of any award by the percentage of fault of all claimants. The court finds that nothing in the statute requires the division of damages into the two pools Morbark suggests. The Sorensens' employer is simply not a party to the action, and therefore Ch. 668 neither assigns the employer a share of the fault nor a share of the damages award.

The Iowa Supreme Court has specifically rejected application of Ch. 668 to reduce plaintiff's recovery from a third-party tortfeasor by an amount proportionate to the fault of the plaintiff's employer. *Speck v. Unit Handling Div. of Litton Sys., Inc.,* 366 N.W.2d 543, 548 (Iowa 1985). The Iowa Supreme Court has concluded that the trier of fact may not assess a share of fault to Sorensen's employer. *Mermigis, supra,* at 247. Nor does the court find that there is a

trend in cases from the Supreme Courts of other states that would suggest that the Iowa Supreme Court would now reconsider its position.[1]

Morbark's final challenge to the current bar on comparative fault of employers in "third-party" suits is that ·if Ch. 668 is not interpreted to reduce an *employer's* recovery in proportion to the employer's fault, Ch. 668 violates the equal protection clauses of the United States and Iowa Constitutions. Morbark argues that there is no rational basis for exempting employers from the requirements of Ch. 668 when they seek to recover amounts paid to injured employees if the employee's recovery from a "third-party" tortfeasor is reduced by comparative fault.

A statute does not violate the equal protection clause if the classification it creates has a "rational basis" or is "rationally related to a legitimate state interest." *Nor-*

*west Bank v. W.R. Grace & Co.*, 960 F.2d 754, 757 (8th Cir.1992) (citing *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976)). The court notes that the employer's "recovery" is based on the statutory scheme of Iowa's Workers' Compensation Act. Iowa Code Ch. 85 (1993). The employer's liability under that act is statutory, and neither its liability nor its subsequent right of recovery is based on fault. Iowa Code § 85.20. Chapter 668, on the other hand, governs only when a claimant seeks "to recover damages for fault." Iowa Code, § 668.3(1). Iowa Code Chapter 668 does not create unequal classifications, because it does not distinguish between employers and employees seeking recovery on the basis of fault. The two classes are entitled to recovery on entirely different grounds. The court concludes that the composite scheme of the Workers' Compensation

---

1. Recent cases do indicate that some states, in limited circumstances, or for reasons founded on the language and intent of their comparative fault statutes, do allow the employer's fault to be considered in the "third-party" suit.

The Louisiana Supreme Court allowed the employer to be assessed a share of fault in a suit against a "third-party" tortfeasor on the ground that the comparative fault statute expressly allowed consideration of the fault of "any other person" causing the damage, including, inter alia, persons with "immunity by statute or otherwise." *Gauthier v. O'Brien*, 618 So.2d 825 (1993). However, the court did not allow that share of fault to be assessed against the plaintiff. *Id.* ("While employer fault must be quantified by a jury to enable the jury to reach a fairer determination of the relative fault of all blameworthy parties, the judge, after the jury has returned a verdict, should disregard the proportion of fault assessed to the employer and reallot the proportionate fault of all other blameworthy parties.")

Kentucky's Supreme Court has allowed apportionment of fault between a "third-party" tortfeasor and the employer on the ground that its comparative fault statute allows the employer who has paid workers compensation claims to be considered a tortfeasor who has settled its claim. *Dix & Associates Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24 (Ky.1990). However, there is no reduction to the plaintiff's award, only a reduction of the employer's recoupment of workers compensation benefits paid. *Id.* at 30. ("The judgment against the negligent third party should be for only that percentage of the total damage which has been apportioned to him, and he will not have any claim for contribution against the employer. The employer shall then be entitled to recoup from the proceeds of the worker's settle-

ment or judgment a percentage of the amount paid or payable as compensation benefits equal to the percentage of fault apportioned to the negligent third party.")

In the case most nearly on point, the Alaska Supreme Court refused to allow the employer's share of fault to be considered in reducing a plaintiff's recovery against a "third-party" tortfeasor. *Lake v. Construction Machinery, Inc.*, 787 P.2d 1027 (Alaska 1990). The plaintiff moved to strike the defendant's affirmative defense that plaintiff's award should be reduced by the employer's fault because the employer was a party responsible for the plaintiff's injury. *Id.* The Alaska Supreme Court found that the employer was not a "party" to the action, where "party" was defined in the same way as in Iowa Code § 668.2. *Id.* at 1030. The court concluded that any change in the statutory scheme was best left to the legislature. *Id.* The court also concluded that its comparative fault plan did not allow contribution from the employer, *Id.* at 1029, and that Alaska's workers compensation statutes provided the exclusive basis for employer liability. *Id.* at 1028. The court did find that *the employer's "fault" was relevant and admissible to prove that it was the sole or superseding proximate cause of plaintiff's injury. *Id.* at 1031.

Similarly, the Indiana Supreme Court has refused to allow consideration of an employer's fault in an action against a third-party tortfeasor. *Indianapolis Power & Light Co. v. Brad Snodgrass Inc.*, 578 N.E.2d 669 (Ind.1991). Although its comparative fault statute allows the trier of fact to assess a share of fault to a "designated nonparty," an employer is expressly excluded from the definition of a "designated non-party." *Id.* at 672.

Act, Iowa Code Ch. 85, and the Comparative Fault Act, Iowa Code Ch. 668, is rationally related to a legitimate state interest in providing for compensation of employees for injuries in the workplace. That part of Morbark's affirmative defense that asserts the fault of Sorensen's employer as reducing Sorensen's recovery must be stricken as insufficient. Morbark's request to certify a question to the Iowa Supreme Court is denied because the question it raises is settled by existing precedent.

■ In order to recover against Morbark, however, the Sorensens must prove that a defect in Morbark's product was the proximate cause of the Sorensens' injuries. *See, e.g., Fell v. Kewanee Farm Equipment Co.,* 457 N.W.2d 911, 916 (Iowa 1990) (proof of proximate cause is one of the elements of recovery in products liability suit); *Osborn v. Massey–Ferguson, Inc.,* 290 N.W.2d 893 (Iowa 1980) (same). It follows that Morbark is entitled to show, as a defense, that Sorensen's employer, not Morbark's product, was the sole proximate cause of Sorensen's injuries. The court concludes that Morbark may not raise comparative fault on the part of Sorensen's employer as a ground for reducing or denying the Sorensens recovery. However, Morbark is entitled to plead the employer's fault as part of a defense on the issue of sole proximate cause.

### B. Fault And Comparative Fault Of A Spouse As A Defense To A Consortium Claim

■ The court concludes that Morbark's affirmative defense asserting James Sorensen's fault as a bar or ground to reduce the Sorensens' recovery on their consortium claim must be stricken. Morbark's affirmative defense states:

Defendants affirmatively state that the plaintiff James David Sorensen was at fault and that such fault was the sole or at least one proximate cause of the injuries and damages alleged by plaintiffs. Such proximate fault should bar plaintiffs' recovery or reduce it proportionately. Iowa law as to the reduction of a consortium claim

for fault attributable to the injured spouse should be changed.

Defendant's Answer, p. 4.

The Iowa Supreme Court recently reaffirmed its conclusion that under comparative fault, an injured spouse's negligence does not bar or reduce a consortium claim brought by the deprived spouse. *Huber v. Hovey,* 501 N.W.2d 53 (Iowa 1993).

The policy issue is a simple one. Why should innocent parties who have suffered loss have their right of recovery diminished as a result of the acts of another party whose fault is not imputed to them under established common-law or statutory rules?

*Id.* As with Morbark's effort to change existing law discussed above, the court concludes that controlling Iowa Supreme Court precedent requires that Morbark's affirmative defense of the comparative fault of James Sorensen must be stricken as insufficient. There is no basis on which to conclude that the Iowa Supreme Court would alter its rejection of a defense based on the comparative fault of a spouse in this case.

Upon the foregoing,

IT IS ORDERED

1. That plaintiffs' August 19, 1993, motion for partial summary judgment (docket number 11) is denied as improper.

2. That pursuant to *Fed.R.Civ.P.* 12(f), the affirmative defense of defendants is stricken to the extent that it asserts the fault of Sorensen's employer as reducing the Sorensens' recovery.

3. That pursuant to *Fed.R.Civ.P.* 12(f), the affirmative defense of defendants is stricken to the extent that it asserts the comparative fault of James Sorensen as reducing the plaintiffs' recovery on a consortium claim.

4. That defendants' request to certify a question to the Iowa Supreme Court is denied.

5. That defendants' September 15, 1993, motion for extension of deadlines (docket number 17) is granted as follows: the deadline for completion of discovery is January 3, 1994; the deadline for defendants to desig-

nate expert witnesses is November 2, 1993; and the deadline for dispositive motions is February 1, 1994.